IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BENNIE C. WILLIAMS,**

                Petitioner,

       v.                      CASE NO. 05-3256-RDR

**EDWARD J. GALLEGOS,**

                Respondent.

**O R D E R**

This matter is before the court on a petition for habeas corpus relief filed pursuant to 28 U.S.C. 2241 by a prisoner at the United States Penitentiary, Leavenworth, Kansas. Petitioner proceeds pro se and submitted the full filing fee.

Petitioner was convicted in the United States for the Northern District of Florida in 1995. The conviction was affirmed on direct appeal in 1997. Petitioner unsuccessfully sought relief pursuant to 28 U.S.C. 2255.

In the present action, petitioner contends his sentence is unconstitutional in light of United States v. Booker,[1] and he

---

[1] See United States v. Booker, 125 S.Ct. 738 (2005)(including companion case United States v. FanFan)(extending rationale in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 124 S.Ct. 2531 (2004) to federal sentencing guidelines and finding mandatory provisions of U.S. Sentencing Guidelines unconstitutional).

contends habeas corpus relief under section 2241 is available because no other adequate remedy exists.[2]

Having examined the petitioner's pleadings, the court directs petitioner to show cause why this matter should not be dismissed for lack of jurisdiction.

A petition under 28 U.S.C. 2255 attacks the legality of a prisoner's detention pursuant to a federal court judgment, and such a petition must be filed in the district court that imposed the sentence.  Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).  It is recognized that section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. 2255."  Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964).  A petitioner may seek relief under 28 U.S.C. 2241 only by showing the remedy available under section 2255 is "inadequate or ineffective" to challenge the validity of his judgment or sentence.[3]  Bradshaw, 86 F.3d at 166.  See also

---

[2] Petitioner previously sought relief pursuant to 28 U.S.C. 2255, and he contends that remedy is inadequate or ineffective to provide a remedy for the violations he asserts under Booker.  See 28 U.S.C. 2255 (requirements for certification of a successive motion under that section).

[3] This savings clause provision appears in 28 U.S.C. 2255 in text which prohibits the district court from considering an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief under section 2255 "if it appears that the

2

Williams, 323 F.2d at 673 (section 2255 "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention"). The "[f]ailure to obtain relief under section 2255 does not establish that the remedy so provided is either inadequate or ineffective." Id. (quotation omitted). Nor is section 2255 rendered inadequate or ineffective by the mere fact that petitioner is procedurally barred from filing a second or successive 2255 application. See Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).

Accordingly, to the extent petitioner may contend the remedy available under section 2255 is now foreclosed, that is insufficient to satisfy the savings clause in section 2255. Moreover, the United States Court of Appeals for the Tenth Circuit has refused to apply Booker retroactively to cases on collateral review. See U. S. v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005).

Absent a showing the remedy afforded by section 2255 is inadequate or ineffective to test the legality of petitioner's confinement, the court finds petitioner's application for a writ of habeas corpus pursuant to section 2241 is subject to dismissal

---

applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention".

3

due to this court's lack of jurisdiction to consider claims of constitutional error in petitioner's conviction and sentence.

IT IS THEREFORE ORDERED petitioner is granted twenty (20) days to show cause why the petition for habeas corpus should not be dismissed.  The failure to file a timely response may result in the dismissal of this matter without prior notice to the petitioner.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 26th day of July, 2005, at Topeka, Kansas.


S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge